UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CELESTE M. MCCLAIN,<br><br>                Plaintiff,<br><br>  -v-<br><br>MRS BPO, L.L.C.,<br><br>                Defendant. | CASE NO.: 1:19-cv-01427<br><br>JUDGE:<br><br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Celeste M. McClain, for her complaint against MRS BPO, L.L.C., ("Defendant"), states as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Defendant's unlawful collection practices as more fully described in this complaint.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Northern District of Illinois.

1

PARTIES

4. Plaintiff, Celeste M. McClain ("Ms. McClain"), is a natural adult person residing in Schaumburg, Illinois, which lies within the Northern District of Illinois.

5. Ms. McClain is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Ms. McClain is a "person" as that term is defined and/or used within the ICFA.

7. Defendant, MRS BPO, L.L.C., is a New Jersey limited liability company in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

10. Defendant is a "person" as that term is defined and/or used within the ICFA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

12. As Ms. McClain was checking her credit, she noticed an entry bearing Defendant's name that was reporting in a collection status. Relevant pages from Ms. McClain's Experian credit report, dated August 28, 2018, are attached to this complaint as Exhibit A.

13. Ms. McClain also noticed that Defendant had updated its reporting of the collection account appearing in her credit report as recently as July 25, 2018. *See* Exhibit A.

14. Ms. McClain did not recognize this account as belonging to her.

15. On or around August 28, 2018, Ms. McClain contacted Defendant via phone to ascertain more information about the entry appearing in her credit report and the debt Defendant was attempting to collect from her (the "Phone Call").

16. During the Phone Call, Ms. McClain spoke with a Ms. Smith, a representative for Defendant, who identified Defendant as a debt collector attempting to collect upon a debt.

17. During the Phone Call, Defendant's agent represented to Ms. McClain that she owed Defendant a balance of $242.27 in connection with a debt Ms. McClain allegedly incurred to U. S. Cellular on or about January 25, 2012 (the "Subject Debt").

18. Defendant's agent attempted to collect payment of the Subject Debt from Ms. McClain during the Phone Call.

19. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued." *See* 735 ILCS § 5/13-205.

20. Thus, given the applicable five (5) year statute of limitations and the fact that the Subject Debt fell was into delinquency on or about January 25, 2012, as of August 28, 2018, the date of the Phone Call, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

21. Despite the time-barred status of the Subject Debt, at no point during the Phone Call did Defendant's agent disclose or explain to Ms. McClain that the Subject Debt was time-barred or that Defendant could not sue Ms. McClain to collect it.

22. Despite the time-barred status of the Subject Debt, at no point during the Phone Call did Defendant's agent disclose or explain to Ms. McClain that by paying, or just agreeing to

3

pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt as valid, it could have the effect of resetting the applicable statute of limitations as to the Subject Debt, potentially subjecting Ms. McClain to further legal liability.

23. After a reasonable time to conduct discovery, Ms. McClain believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

24. In conjunction with Defendant's July 25, 2018 adverse credit reporting concerning the Subject Debt, Ms. McClain was misled by the Phone Call.

25. Ms. McClain justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted economic harm.

26. Due to Defendant's conduct, Ms. McClain was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

27. After a reasonable time to conduct discovery, Ms. McClain believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

28. Due to Defendant's conduct, Ms. McClain is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

GROUNDS FOR RELIEF

COUNT I
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*

29. All prior paragraphs are incorporated into this count by reference.

30. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

31. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f during the Phone Call, in conjunction with its July 25, 2018 adverse credit reporting, by attempting to collect the Subject Debt after omitting the disclosure of information to Plaintiff regarding the Subject Debt's time-barred status and the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debt.

32. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Plaintiff.

33. Such representations and/or omissions served only to confuse and intimidate Plaintiff in the hopes that she waived her rights and affirmative defenses under the law. Plaintiff was unable to adequately determine the character and legal status of the Subject Debt based upon Defendant's representations and/or omissions, and was unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

34. As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

35. As Plaintiff had no prior contractual relationship or dealings with Defendant, Plaintiff was justifiably confused and skeptical of the representations and/or omissions regarding the legal status of the Subject Debt, as well as Defendant's ability to legally collect upon it.

36. As set forth in paragraphs 24 through 28 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

COUNT II
VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
*815 ILCS 505/2*

37. All prior paragraphs are incorporated into this count by reference.

38. Defendant's collection activity in connection with the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

39. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

40. Defendant violated the ICFA, namely 815 ILCS 505/2, by engaging in unfair, abusive, and deceptive conduct in its transactions with Plaintiff by, *inter alia*: (i) attempting to collect the Subject Debt after omitting the disclosure of information to Plaintiff regarding the Subject Debt's time-barred status, namely, that Defendant could no longer sue Plaintiff to collect the Subject Debt; (ii) attempting to collect the Subject Debt after omitting the disclosure of information to Plaintiff regarding the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the Subject Debt; and (iii) creating the false impression that Defendant could still sue Plaintiff to collect the Subject Debt.

41. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Plaintiff.

42. Defendant intended that Plaintiff rely on its misrepresentations and/or omissions in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising her rights.

43. As set forth in paragraphs 24 through 28, above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

44. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

45. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Celeste M. McClain, respectfully requests that this Court enter judgment in her favor as follows:

A. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k and 815 ILCS 505/10a;

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff punitive damages, in such an amount as determined by the jury, as provided under 815 ILCS 505/10a;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS 505/10a; and

E. Awarding Plaintiff such other and further relief as may be just and proper.

DATED this 27th day of February, 2019.          Respectfully Submitted,

                                                   /s/ H. Joshua Chaet
H. Joshua Chaet #6206717
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
josh.c@consumerlawpartners.com

*Counsel for Plaintiff*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                                   /s/ H. Joshua Chaet
H. Joshua Chaet #6206717
CONSUMER LAW PARTNERS, LLC

## VERIFICATION OF COMPLAINT AND CERTIFICATION

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss |
| COUNTY OF COOK | ) |

Pursuant to 28 U.S.C. § 1746, Plaintiff, Celeste M. McClain, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __2/27/2019_____

_____
Signature
(DocuSigned by: Celeste M. / 4EE06A3A85C7415...)